996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny MELSON; Keith Phillips, Plaintiffs-Appellants,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 92-5393.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Danny Melson and Keith Phillips are pro se Kentucky prisoners who appeal a district court judgment which partially relinquished the court's jurisdiction over a consent decree. Their appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1980, the defendants entered into a consent decree with inmates at the Kentucky State Penitentiary ("KSP") and the Kentucky State Reformatory ("KSR") which addressed a wide range of prison conditions. Kendrick v. Bland, 541 F.Supp. 21, 27-50 (W.D.Ky.1981). In 1986, the district court ruled that the defendants were in substantial compliance with the decree, and placed the case on its inactive docket pending the completion of several construction projects. Kendrick v. Bland, 659 F.Supp. 1188, 1201 (W.D.Ky.1987). The court subsequently held that the case would be returned to its active docket only when the inmates demonstrated an institutional wide failure to follow the decree.
 
 
 3
 In 1989, the defendants moved for relinquishment of federal court jurisdiction over the implementation of the consent decree at KSP, asserting that the remaining construction and renovation projects were complete. Inmate representatives were elected to participate in a hearing on the defendants' motion which was held at KSP, after the court inspected the facility. On February 18, 1992, the district court granted the defendants' motion, and relinquished its jurisdiction over the consent decree insofar as it applied to KSP. The court found that its active supervision was no longer needed because the inmates had not made an adequate showing of continuing institutional wide abuse. It is from this judgment that the inmates now appeal. Their brief on appeal contains a request for counsel.
 
 
 4
 The district court's decision is reviewed for an abuse of discretion on appeal. See Heath v. DeCourcy, Nos. 91-3788/92-2317, 1993 U.S.App. LEXIS 9933, at * 7 (6th Cir. Apr. 30, 1993). The court did not abuse its discretion here because its factual findings were not clearly erroneous and because its reasoning was consistent with the following legal standards that were outlined in Heath:
 
 
 5
 A district court must determine whether and when to terminate supervision or jurisdiction over a consent decree by considering the specific terms of the consent decree. Several factors to be considered include: (1) any specific terms providing for continued supervision and jurisdiction over the consent decree; (2) the consent decree's underlying goals; (3) whether there has been compliance with prior court orders; (4) whether defendants made a good faith effort to comply; (5) the length of time the consent decree has been in effect; and (6) the continuing efficacy of the consent decree's enforcement.... When the defendants are shown to be in compliance with its terms and the objectives of the consent decree have been achieved, the district court's jurisdiction over the case may be terminated.
 
 
 6
 Id. at * 7-8 (citations omitted).
 
 
 7
 First, the consent decree provides simply that the district court will retain jurisdiction until the plan anticipated by the decree is implemented. Second, the court indicated that the underlying goals of the decree had been achieved by finding that the overall living conditions at KSP had greatly improved and that there was "no Constitutional or contractual violation in terms of the general conditions of confinement." Third, in 1987, the court determined that the defendants were in substantial compliance with virtually all parts of the decree at KSP, other than two specific renovation projects. Kendrick, 659 F.Supp. at 1201. It is undisputed that those two projects are now complete. Moreover, in its current order, the court found that the inmates' allegations did not rise to the level of institutional wide major violations of the decree. Fourth, the court indicated that the defendants had acted in good faith by finding that they had demonstrated sensitivity to past problems in the penal system and that the "record indicates no reason to believe that the Corrections Cabinet intends to retreat from the progress made over the past 15 years." Fifth, the court did not act precipitately in relinquishing its jurisdiction over the implementation of the decree after so many years. Finally, the court indicated that it was no longer efficient to review individual claims under the decree, as they could be pursued through grievance procedures or conventional civil rights actions. These factual findings are entitled to "extreme deference" because of the district court's familiarity with the provisions of the decree as well as its extensive experience in monitoring the parties' compliance. See Kendrick v. Bland, 740 F.2d 432 (6th Cir.1984). They provide sufficient support for the court's decision to relinquish its remaining jurisdiction over the implementation of the consent decree at KSP.
 
 
 8
 Accordingly, the inmates' request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.